**IN THE**
**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| JOHN FILOSA, SUSAN KEMBLE, MARY TOLL, KATHERINE BATESKY, DINAH COUSAR, ROBIN S. SLEGER, MARILYN PHILLIPS, BARBARA LESLEY, ANTHONY BELL, FRANK SARDO, JUDITH W. TAYLOR, LAUREN MCEVOY, OLIVER SHREIBER, BARBARA A. FORD, DORIS M. FARRAR, AMBER L. WINGLER, REBECCA A. MACIEJEWSKI, JANE PLESNARSKI, VERA CLIFT, JEAN M. STIPE, LORRAINE HYLKEMA, MONICA SITTER, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action<br><br>04-710C<br>Judge Braden<br><br>**AMENDED COMPLAINT** |

Plaintiffs, individually and on behalf of all others similarly situated, for their complaint against Defendant, allege, upon personal knowledge as to the allegations concerning themselves and upon information and belief based on investigation of counsel as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a class action brought by Plaintiffs, on behalf of themselves, and all other similarly situated current and former nurses employed by the Veterans Health Administration ("VHA"), a part of the United States Department of Veterans Affairs ("VA), who have not received on-call back pay for all hours that they were scheduled to perform on-call duty (that is, they were required to be available for on-call duty), outside of their regular hours.

**THE PARTIES**

2. Plaintiff, John Filosa, is an adult citizen of the United States, residing in Chester, New York. Since 1998, Mr. Filosa has been employed as a nurse case manager by the VA at the Hudson Valley VA Health Care System-Castle Point, Route 9D, Castle Point, New York.

3. Plaintiff, Susan Kemble, is an adult citizen of the United States, residing in Ossining, New York. Since 1998, Ms. Kemble has been employed as a nurse case manager by the VA at the VA Hudson Valley Health Care System-FDR Montrose Campus, Montrose, New York.

4. Plaintiff, Mary Toll, is an adult citizen of the United States, residing in Libertyville, Illinois. Since 1998, Ms. Toll has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

5. Plaintiff Katherine Batesky, is an adult citizen of the United States, residing in Libertyville, Illinois. Since 1998, Ms. Batesky has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

6. Plaintiff, Dinah Cousar, is an adult citizen of the United States, residing in Neenah, Wisconsin. Since 1998, Ms. Cousar has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

7. Plaintiff, Robin S. Sleger, is an adult citizen of the United States, residing in Spring Hill, Florida. Since 1998, Ms. Sleger has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

8. Plaintiff, Marilyn Phillips, is an adult citizen of the United States, residing in Lindenhurst. Illinois. Since 1998, Ms. Phillips has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

9. Plaintiff, Barbara Lesley, is an adult citizen of the United States, residing in Wadsworth, Illinois. Since 1998, Ms. Lesley has been employed as a nurse by the VA at the North Chicago VAMC, North Chicago, Illinois.

10. Plaintiff, Anthony Bell, is an adult citizen of the United States, residing in Castle Point, New York. Since 1998, Mr. Bell has been employed as a nurse by the VA at the VAMC, Hudson Valley, New York.

11. Plaintiff, Frank Sardo, is an adult citizen of the United States, residing in Hopewell Junction, New York. Since 1998, Mr. Sardo has been employed as a nurse by the VA at the VAMC, Hudson Valley, New York.

12. Plaintiff, Judith W. Taylor, is an adult citizen of the United States, residing in Fort Montgomery. New York. Since 1998, Ms. Taylor has been employed as a nurse by the VA at the VAMC, Hudson Valley, New York.

13. Plaintiff, Lauren McEvoy, is an adult citizen of the United States, residing in Wilmington, North Carolina. Since 1998, Ms. McEvoy has been employed as a nurse by the VA at the VAMC, Hudson Valley, New York.

14. Plaintiff, Oliver Shreiber, is an adult citizen of the United States, residing in Wilmington, North Carolina. Since 1998, Mr. Shreiber has been employed as a nurse by the VA at the North Chicago VAMC, Hudson Valley, New York.

15. Plaintiff, Barbara A. Ford, is an adult citizen of the United States, residing in Newburgh, New York. Since 1998, Ms. Ford has been employed as a nurse by the VA at the VAMC, Hudson Valley, New York.

16. Plaintiff, Doris M. Farrar is an adult citizen of the United States, residing in Wescosville, Pennsylvania. Since 1998, Ms. Farrar has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

17. Plaintiff, Amber L. Wingler is an adult citizen of the United States, residing in Oxford, Pennsylvania. Since 1998, Ms. Wingler has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

18. Plaintiff, Rebecca A. Maciejewski is an adult citizen of the United States, residing in Honeybrook, Pennsylvania. Since 1998, Ms. Maciejewski has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

19. Plaintiff, Martha Jane Plesnarski is an adult citizen of the United States, residing in Morgantown, Pennsylvania. Since 1998, Ms. Farrar has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

20. Plaintiff, Vera Clift is an adult citizen of the United States, residing in Downingtown, Pennsylvania. Since 1998, Ms. Clift has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

21. Plaintiff, Jean M. Stipe, is an adult citizen of the United States, residing in Lancaster, Pennsylvania. Since 1998, Ms. Stipe has been employed as a nurse by the VA at the VAMC, Coatesville, Pennsylvania.

22. Plaintiff, Lorraine Hylkema is an adult citizen of the United States, residing in Madison, Wisconsin. Since 1998, Ms. Hylkema has been employed as a nurse by the VA at the William S. Middleton Memorial Veterans Hospital, Madison, Wisconsin.

23. Plaintiff, Monica Sitter is an adult citizen of the United States, residing in McFarland, Wisconsin. Since 1998, Ms. Sitter has been employed as a nurse by the VA at the William S. Middleton Memorial Veterans Hospital, Madison, Wisconsin.

24. With respect to the acts alleged in this Complaint, Defendant the United States of America has acted principally through the Veterans Health Administration, a part of the United States Department of Veterans Affairs. At all relevant times, the agents, officers and representatives of the United States who took the actions at issue, were duly authorized by the United States to take those actions and, thus the Defendant United States is ultimately responsible for the actions complained of herein.

## JURISDICTION AND VENUE

25. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. § 1491(a)(1).

26. Venue is proper in this Court pursuant to 28 U.S.C. §1491(a)(1).

## CLASS ACTION ALLEGATIONS

27. Plaintiffs bring this action on their own behalf and on behalf of a class of other similarly situated individuals, under Rules 23(a) and (b)(2) of the Rules of the United States Court of Federal Claims ("RCFC")

28. Plaintiffs bring this action on behalf of themselves and all other similarly situated individuals who were employed as nurses by the VHA, between April 21, 1998 and the entry of judgment in this case (the "Class"), who have not received on-call back pay for any hours that they were scheduled to perform on-call duty, outside of their regular work hours.

29. Membership in the Class is so numerous that separate joinder of each member is impracticable. The number of class members is unknown at this time, but can be readily

determined from Defendant's records. Plaintiffs reasonably estimate that there are, at a minimum, at least 40 individuals in the Class.

30. The claims of Plaintiffs are typical of the claims of the Class, and Plaintiffs have no interests adverse to those of other class members. Plaintiffs have been employed by the VHA since 1998 and have not been received any on-call pay for the hours that they were scheduled to perform on-call duty.

31. Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in wage and hour litigation, class actions and complex litigation, generally.

32. There are uniform questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including but not limited to:

a. Whether the VHA employed the named Plaintiffs and other similarly situated individuals during the relevant time periods;

b. Whether the VHA scheduled Plaintiffs and the other members of the Class for on-call duty for time outside their regular work hours?

c. Whether the VHA failed, and/or refused, to pay Plaintiffs and the other members of the Class on-call duty wages for all hours that they were scheduled to provide on-call duty, outside of their regular work hours;

d. Whether the failure of the VHA to pay Plaintiffs and the other members of the Class on-call duty wages for all hours that they were scheduled to provide on-call duty, outside of their regular work hours, violated 38

U.S.C.§ 7453(h) and, if so, to what relief Plaintiffs and the other members of the Class are entitled?

## STATEMENT OF FACTS

33. The VHA employed the named Plaintiffs and the other members of the Class for at least some period of time between April 21, 1998 and the present.

34. At all relevant times, the VHA knew that pursuant to 38 U.S.C.§ 7453(h) it was required to pay nurses on-call duty pay, at a rate equal to ten (10%) percent of their regular hourly pay rate, for any times that they were scheduled for on-call duty that the VHA required that they perform in addition to their regular work week – a regular work week that was in all, or almost all instances, forty (40) hours per week.

35. At all relevant times, Plaintiffs and the members of the Class were employed as nurses by the VHA within the meaning of 38 U.S.C. § 7453.

36. The named Plaintiffs and the other members of the Class are not exempt from the on-call pay requirements of 38 U.S.C. § 7453.

37. During all relevant times, up until and including the present, the named Plaintiffs and the other members of the Class were paid on an hourly basis.

38. Besides working the regular work week (usually forty (40) hours per week), Plaintiffs and the other members of the Class were scheduled for on-call duty – *i.e.*, required to be available on an on-call basis – for the remaining hours in the day, and for all twenty-four (24) hours on days that they were not scheduled to work.

39. Despite requiring that Plaintiffs and other similarly situated individuals be available and perform on-call duty twenty four (24) hours a day, seven (7) days a week, the Defendant willfully failed to pay the named Plaintiffs and members of the Class any of the

required on-call, additional pay of ten (10%) percent of their regular hourly rate for the hours in which they were scheduled to be on-call, in violation of 38 U.S.C. § 7453(h).

40. Plaintiffs and other Class members made numerous complaints to the VHA about its failure to pay proper on-call wages. The VHA uniformly disregarded these complaints and made it clear that any further complaints would receive the same treatment.

41. Defendant's practice of not paying the named Plaintiffs and the other members of the Class on-call pay of ten (10%) percent of their hourly wages is not subject to any permitted exception to 38 U.S.C. § 7453.

42. Defendant's practice of not providing on-call pay pursuant to 38 U.S.C. § 7453 continues to the present and does and continues to harm Plaintiffs and the other members of the Class to their pecuniary detriment. As a result of Defendant's conduct heretofore, Plaintiffs and other similarly situated individuals have suffered and continue to suffer injuries including, but not limited to economic loss by virtue of their failing to receive the pay to which they were entitled.

43. The aforesaid conduct by the Defendant was intentional.

**COUNT ONE: VIOLATION OF 38 U.S.C.§7453**

44. The Plaintiffs reallege paragraphs 1 through 43, as if fully set forth herein.

45. At all times relevant to this action, the named Plaintiffs and other similarly situated individuals were employed by the Defendant as nurses within the meaning of 38 U.S.C. § 7453.

46. At all times relevant to this action and continuing to the present, Defendant willfully failed to pay the named Plaintiffs and the other members of the Class on-call additional

pay, at rates not less than ten (10%) percent of the regular pay rate, for each hour of on-call duty that they were scheduled for, in excess of forty hours in a workweek.

47. Due to Defendant's past and ongoing statutory violation, Plaintiffs and the other members of the Class are entitled to recover from Defendant the relief set forth below, including, but not limited to, declaratory and injunctive relief, including any unpaid on-call back pay, interest on such back pay, reasonable attorneys' fees and costs of this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

1. Certify this case as a class action pursuant to RCFC 23(b)(2);
2. Declare that the Defendant's conduct complained of herein to be in violation of the Plaintiffs' rights under 38 U.S.C. § 7453;
3. Order Defendant to cease failing to comply with 38 U.S.C. § 7453 by failing to provide Plaintiffs and the other members of the Class on-call additional pay, at rates not less than ten (10%) of their regular pay rate, for each hour of on-call duty hours worked in the workweek.
4. Award incidental relief to Plaintiffs and the class they represent, including any unpaid on-call additional pay due under 38 U.S.C. § 7453;
5. Award Plaintiffs and the class they represent an adjustment for any negative State and Federal Income Tax consequences they may incur, related to the payment of any award herein;
6. Award Plaintiffs and the class they represent pre-judgment interest on any unpaid wages or other damages to which they may be entitled;

7. Award Plaintiffs and the class they represent, the costs of this action together with reasonable attorneys' fees and such other and further relief as this Court deems just and proper.

Dated: January 31, 2008

Fran Rudich
Seth Lesser
Locks Law Firm, PLLC
110 East 55th Street
New York, New York 10022
Tel:(212) 838-3333
Fax(212)838-3735
www.lockslaw.com

*Attorneys for Plaintiffs*