IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN FILOSA and SUSAN KEMBLE, on their own behalf and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | 04-710C (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

For its answer to the complaint, defendant admits, denies, and alleges as follows:

The introductory paragraph of plaintiffs' complaint contains no factual allegations requiring a response. To the extent the introductory paragraph may be deemed to contain allegations requiring a response, they are denied.

1. The allegations contained in paragraph 1 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Admits that plaintiff John Filosa has been employed as a nurse case manager by the VA at the Hudson Valley VA Health Care System-Castle Point since 1998, but denies the remaining allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits that plaintiff Susan Kemble has been employed as a nurse case manager by the VA at the Hudson Valley VA Health Care System-FDR Montrose Campus since 1998, but denies the remaining allegations contained in paragraph 3 for lack of knowledge or information sufficient to form a belief as to their truth.

4. Admits that plaintiff Mary Toll had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits that plaintiff Katherine Batesky had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 5 for lack of knowledge or information sufficient to form a belief as to their truth.

6. Admits that plaintiff Dinah Cousar had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to their truth.

7. Admits that plaintiff Robin S. Sleger had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 7 for lack of knowledge or information sufficient to form a belief as to their truth.

8. Admits that plaintiff Marilyn Phillips had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 8 for lack of knowledge or information sufficient to form a belief as to their truth.

9. Admits that plaintiff Barbara Lesley had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining

allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits that plaintiff Anthony Bell has been employed as a nurse by the VA at the Hudson Valley VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits that plaintiff Frank Sardo had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits that plaintiff Judith W. Taylor had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 12 for lack of knowledge or information sufficient to form a belief as to their truth.

13. Admits that plaintiff Lauren McEvoy had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 13 for lack of knowledge or information sufficient to form a belief as to their truth.

14. Denies.

15. Admits that plaintiff Barbara A. Ford has been employed as a nurse by the VA at the Hudson Valley VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Admits that plaintiff Doris M. Farrar had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth.

17. Admits that plaintiff Amber L. Wingler has been employed as a nurse by the VA at the Coatesville VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 17 for lack of knowledge or information sufficient to form a belief as to their truth.

18. Admits that plaintiff Rebecca A. Maciewjewski had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 18 for lack of knowledge or information sufficient to form a belief as to their truth.

19. Admits that plaintiff Martha Jane Plesnarski has been employed as a nurse by the VA at the Coatesville VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth.

20. Admits that plaintiff Vera Clift has been employed as a nurse by the VA at the Coatesville VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 20 for lack of knowledge or information sufficient to form a belief as to their truth.

21. Admits that plaintiff Jean M. Stipe had been employed by the North Chicago VA Health Care System for at least some period of time since 1998, but denies the remaining allegations contained in paragraph 21 for lack of knowledge or information sufficient to form a belief as to their truth.

22. Admits that plaintiff Lorraine Hylkema has been employed as a nurse by the VA at the Madison VA Health Care System since 1998, but denies the remaining allegations contained in paragraph 22 for lack of knowledge or information sufficient to form a belief as to their truth.

23. Admits that plaintiff Monica Sitter has been employed as a nurse by the VA at the Madison VA Health Care System since 2001, but denies the remaining allegations contained in paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth.

24. Admits the allegations contained in the first sentence of paragraph 24. The allegations contained in the second sentence of paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

28. The allegations contained in paragraph 28 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

29. Denies.

30. Admits that some of the named plaintiffs have or had been employed by the VA since 1998, but denies the remaining allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. Admits that the named plaintiffs have been employed by VA for at least some period of time between April 21, 1998 and the present; otherwise denies the allegations contained in paragraph 33.

34. The allegations contained in paragraph 34 constitute conclusions of law and plaintiffs' characterization of their case to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

35. Admits that the named plaintiffs are or were employed as nurses by the VA; otherwise, denies the allegations contained in paragraph 35.

36. Denies.

37. Admits that the named plaintiffs are paid upon an hourly basis; otherwise, denies the allegations contained in paragraph 37.

38. Denies.

39. Denies.

40. Denies.

41. Denies.

42. Denies.

43. Denies.

44. Defendant incorporates its responses to paragraphs 1-43 of the complaint as if fully set forth herein.

45. Admits that the named plaintiffs are or were employed as nurses by the VA; otherwise, denies the allegations contained in paragraph 45.

46. Denies.

47. Denies.

48. Denies that plaintiffs are entitled to the relief set forth in the prayer for relief immediately following paragraph 47, or to any relief whatsoever.

49. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-0315

February 14, 2008

Attorneys for Defendant

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February 2008, a copy of the foregoing "DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Robert C. Bigler