IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN FILOSA and SUSAN KEMBLE, on their own behalf and on behalf of all others similarly situated | ) | |
| Plaintiffs, | ) | No. 04-710C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO COMPEL

Pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court order plaintiffs, John Filosa and Susan Kemble et al. ("plaintiffs"), to provide a response to Defendant's First Set of Interrogatories, Request for Production of Documents, and Requests for Admissions served upon plaintiffs on December 28, 2007. Defendant has received no response to the aforementioned discovery requests within the time provided for by the Rules of this Court. Moreover, on February 25, 2008, we sent a letter to plaintiffs' counsel pointing out that the deadline for the discovery responses had passed and stating that if we did not receive the responses by March 7, 2008, we would be forced to file a motion to compel. Exhibit A. Furthermore, during a telephone conference with plaintiffs' counsel the week of March 3, 2008, plaintiffs' counsel assured us that we would receive the discovery responses by March 14, 2008. Yet as of the date of this motion, no discovery responses have been received. The defendant made a final attempt to resolve this matter without the intervention of the Court by sending an email to plaintiffs' counsel on March 25, 2008, stating that the responses were required to complete upcoming depositions. Exhibit B.

While plaintiffs' counsel responded to other topics in the email, she did not respond to the request that plaintiffs immediately provide responses to the discovery requests. Id.

RCFC 33 provides that "[t]he party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories." RCFC 33(b)(3). Although "[a] shorter or longer time may be directed by the court" or "agreed to in writing by the parties," id., no such order or agreement exists with respect to defendant's discovery requests, served on December 28, 2007. Similarly, RCFC 34 and 36 provide the same 30 days to respond to requests for production of documents and requests for admissions. In fact, requests for admissions are automatically admitted if no response is provided within 30 days and no extension of the time to respond is obtained. RCFC 36(a) ("The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .). As a result, the Government's requests for admissions to plaintiff are already admitted. Id. Accordingly, plaintiffs' responses to our interrogatories, requests for production of documents, and requests for admissions were due on January 31, 2008, and are now approximately seven weeks late. If plaintiffs will not comply with this Court's Rules, we will have no choice but to move to dismiss this case for lack of prosecution. Colbert v. United States, 30 Fed. Cl. 95, 98-99 (1993) ("A complete failure to respond to interrogatories and document requests seeking information needed by the defendant before the case can progress is also grounds for dismissal under rule 37(d)."). Therefore, we respectfully request that the Court order plaintiffs to respond to the requests for production and interrogatories previously propounded by the Government.

Respectfully submitted,

JEFFREY S. BUCHOLTZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch, Civil Division
U.S. Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Telephone: 202-307-0315
robert.bigler@usdoj.gov

Dated: April 2, 2008

Counsel for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of April 2008, a copy of the foregoing "DEFENDANT'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert C. Bigler