IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| JOHN FILOSA and SUSAN KEMBLE, on their own behalf and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | 04-710C |
| v. | ) | (Judge Braden) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION FOR
MODIFICATION OF DISCOVERY SCHEDULE

Pursuant to Rule 6(b) and Rule 6.1 of the Rules of the Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court modify the discovery deadlines ("discovery deadlines") established by the Court's March 5, 2008 scheduling order. The proposed schedule modifications are set forth below. This is the defendant's sixth motion for this purpose.[1] Prior to filing this motion,

[1] The original schedule established by the Court's order dated January 18, 2005 has been modified pursuant to three unopposed motions by plaintiffs (one of which did not seek the enlargement of all deadlines) and three unopposed motions by defendant, (one of which did not seek the enlargement of non-discovery deadlines). These motions were necessary because of: (1) the delays inherent in conducting nation-wide class certification discovery; (2) unanticipated delays in completing class certification discovery; and (3) difficulties in accommodating the schedules of third-party witnesses for depositions. In addition, the Court previously enlarged various discovery deadlines in orders dated July 26, 2006 and January 12, 2007. The Court also previously extended the discovery cut-off to October 29, 2007 in response to the parties' previous joint motion, which was granted in part. The

defendant's counsel contacted plaintiffs' counsel by telephone, and plaintiffs' counsel stated that plaintiffs consent to this motion.

As background, on January 31, 2008, plaintiffs added an additional nineteen new plaintiffs to the action. Despite the defendant obtaining several extensions of the discovery period to depose some of these newly added plaintiffs, defendant has not been allowed to complete its discovery because of delays caused by plaintiffs.

Based upon the previous depositions of plaintiffs Mr. Filosa, Ms. Kemble and Ms. Sitter, it appears that policies regarding after hours work activity are set by local supervisors at individual duty stations. Because this policy is an important issue in the case, defendant intends to depose at least one additional plaintiff at each of the various work sites. Defendant previously deposed the lead plaintiffs, Mr. Filosa and Ms. Kimble, who are employed by the Hudson Valley VA facility in New York. In March 2008, defendant deposed plaintiff Monica Sitter who is employed by the VA facility in Madison, Wisconsin. Defendant previously coordinated with plaintiffs' counsel to attempt to schedule the depositions of plaintiffs at the two remaining VA facilities, North Chicago and Coatesville,

---

Court previously extended fact discovery to February 26, 2008 and the close of all discovery to March 26, 2008. In response to two motions by the defendant, the Court also previously extended the discovery period to May 2, 2008 and July 2, 2008. After defendant's last motion, the Court extended the discovery period to the current deadline of August 15, 2008.

Pennsylvania. Plaintiffs previously agreed to have plaintiffs Barbara Lesley and Marilyn Phillips, both of whom are employed by the North Chicago facility, deposed on April 10, 2008. The defendant made all arrangements to conduct these depositions including sending plaintiffs a deposition notice. However, plaintiffs' counsel sent an email to defendant's counsel at the end of the day on April 8th stating that neither of the witnesses were available and that the depositions would not go forward.

As plaintiffs had not provided any alternate dates for these depositions and plaintiffs never provided an available date to depose a plaintiff employed by the Coatesville facility, Defendant moved the Court to extend the discovery deadline to July 2, 2008, and again to August 15, 2008, both of which the Court granted. On July 15, 2008, defendant sent plaintiff an email again requesting dates that two of the plaintiffs, Mary Toll and Amber Wingler, are available to complete these last two depositions prior to the new discovery deadline of August 15, 2008. Defendant also informed plaintiffs' counsel that it did not want to ask the Court for a further extension.

Plaintiffs' counsel responded on the same day stating that she was having problems reaching the two plaintiffs that defendant seeks to depose. On July 24, 2008, plaintiffs' counsel responded stating that Mary Toll would not be available

until the week of September 4, 2008. Defendant's counsel is scheduled to be on bid protest duty from September 2, 2008 through September 12, 2008 and, as a result, will be unable to travel to complete these depositions during that time. Defendant's counsel is already scheduled to be in California the week of September 15, 2008, to complete depositions in Biofunction LLC v. United States, Case No. 07-67 (Fed. Cl.).

As a result, defendant requests that the discovery cut-off be extended to allow the defendant to complete these additional depositions.

Defendant, therefore, proposes the following modified schedule:

| | |
|---|---|
| Fact Discovery Cut-Off | October 31, 2008 |
| Close of All Discovery | October 31, 2008 |
| Dispositive Motions | November 21, 2008 |

Accordingly, defendant respectfully requests that the Court grant this motion to modify the deadlines in this case in accordance with the above schedule.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Todd M. Hughes
TODD M. HUGHES
Deputy Director

s/ Robert C. Bigler
ROBERT C. BIGLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20005
(202) 307-0315

August 12, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 12th day of August 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR MODIFICATION OF DISCOVERY SCHEDULE" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system

s/ Robert C. Bigler